ELLIS, Judge:
This is a suit by W. A. Lawrence, doing business as W. A. Lawrence Drafting Service, against P. A. Cherry for $579.80 allegedly due for drafting services rendered. After trial on the merits, judgment was rendered in favor of plaintiff for $277.26, *376 plus interest and 25% attorney’s fees. Both parties have appealed.
Louis Ravasio, plaintiff’s office manager in charge of house plans, was the only witness for plaintiff. He testified that on February 2, 1979, Mr. Cherry had come to the office to have a set of plans drawn. He further testified that Mr. Cherry and Mr. Lawrence had discussed the matter before an order was placed, but that he was not a witness to their discussions. The plans were completed on February 12, 1979, and Mr. Ravasio tried to get in touch with Mr. Cherry several times, but was unable to do so. Mr. Cherry never came in to pick up the plans. Mr. Ravasio testified that during the period when the plans were being prepared, Mr. Cherry had called once to see if they were ready. Mr. Ravasio further stated that the set fee for preparing plans was 12 cents per square foot under roof, and that the total price of the plans was $579.80.
Mr. Cherry testified that he usually drew his own plans but that he needed this set of plans in a hurry, within 10 days. He arranged with Mr. Lawrence to do the work for a price of six cents per square foot, and told Mr. Lawrence when he had to have the plans. He said he called plaintiff a number of times during the next 10 days to see if the plans were ready, including the tenth day, and was told that they were not yet ready. His financing then fell through, and he had no further use for the plans. The plans showed the total area of the house to be 4,621 square feet.
The trial judge found that defendant was liable to plaintiff for the plans, but at the rate of six cents per square foot.
In this court, plaintiff claims that the trial judge erred in not awarding the full amount sued for. Defendant alleges that the court should have made no award, or, alternatively, that attorney’s fees should not have been awarded.
Since defendant neither appealed nor answered the appeal, he is not entitled to have the judgment modified in any respect, and his requests must be denied.
Plaintiff’s contentions are without merit. The trial judge accepted Mr. Cherry’s testimony that he had a specific agreement for the work to be done at the rate of six cents per square foot. Mr. Ravasio was not a party to the agreement, and could only testify as to the usual rate for such work. We find no manifest error in the decision of the trial judge to accept Mr. Cherry’s unrebut-ted testimony as to his agreement.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.